UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICHARD BONDWE, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:13-cv-0419 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| MAPCO, INC. and ) | |
| MAPCO EXPRESS, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Pending before the court is a Motion to Dismiss the Amended Complaint (Docket No. 8). Defendant Mapco Express, Inc. ("Mapco Express") has moved to dismiss on the grounds that the plaintiff's claims are barred by the statute of limitations. The plaintiff, Richard Bondwe, filed a Response in opposition to the defendant's motion (Docket No. 11), to which Mapco Express has filed a Reply (Docket No. 12). For the reasons discussed herein, Mapco Express's Motion to Dismiss will be granted and the Amended Complaint will be dismissed without prejudice.

**BACKGROUND**

**I.  Overview**[1]

In short, the instant motion before the court relates to the plaintiff's failure to timely name the correct defendant in his employment discrimination lawsuit.

---

[1] Unless otherwise indicated, the facts have been drawn from the plaintiff's Amended Complaint (Docket No. 5), the exhibits attached thereto (Docket No. 5, Exs. A-B), and the exhibits attached to Mapco Express's Motion to Dismiss (Docket No. 8, Exs. 1-4.)

There are two defendants in this action: Mapco, Inc., the originally named defendant, and Mapco Express, the proper defendant. It appears that the first named defendant (and the only defendant against which the original pleading was filed) has absolutely no relationship to the plaintiff, his discrimination claims, or the second defendant.[2] The second defendant, Mapco Express, employed the plaintiff, an African-American man born in Malawi, for a period of around eight years. Mapco Express is a corporation that owns and operates gas stations and attendant markets around the United States.

Bondwe was successful in his job; after being hired in 2003, he was promoted in 2005 and 2007 to managerial positions within his store. After the store that Bondwe worked in was closed, Bondwe remained with the company and was assigned as a co-manager to multiple stores. In May 2011, Bondwe told his boss, a division manager, that he wanted to keep working for Mapco Express and to be promoted. The division manager did not respond to Bondwe's statement. Sometime after Bondwe shared his aspiration with his boss, Mapco Express "passed over" Bondwe to promote a female Caucasian manager-in-training to an open store manager position.

In July 2011, Mapco Express fired Bondwe. Mapco Express stated at the time that it had terminated Bondwe because of a discrepancy regarding lottery tickets at one of the stores that Bondwe co-managed. Bondwe alleges that a Caucasian employee was also cited for the same discrepancy, but that she did not lose her job as a result. Bondwe further alleges that, at the time

---

[2] (*See* Docket No. 8, Exs. C-D (corporate registration statements of Mapco Express and Mapco, Inc., respectively); *see also* Docket No. 8 at 2 n.1.)

of his termination, his boss, district manager Steven Adcox, suggested to Bondwe that, because Bondwe now had a college degree, he could get a job back in Africa.

## II. EEOC Charge of Discrimination

On July 18, 2011, Bondwe filed a charge of discrimination against Mapco Express with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination due to his race and national origin related to his termination and Mapco Express's failure to promote him to the open store manager position.

On September 25, 2012, after an EEOC investigation, Sarah L. Smith of the EEOC issued a reasonable cause determination related to Bondwe's charges against Mapco Express. The EEOC declined to file a lawsuit on Bondwe's behalf, but determined that Bondwe's discrimination charge was meritorious as to his wrongful termination claim. The EEOC further concluded that Bondwe's claim related to his denial of a promotion was without merit because Bondwe admitted that he did not apply for the store manager position.

On March 7, 2013, the EEOC sent a dismissal and notice of a right to sue ("EEOC Notice") to Bondwe. The EEOC Notice alerted Bondwe that, if he chose to pursue a private lawsuit against Mapco Express, the lawsuit must be filed within 90 days of receipt of the EEOC Notice.

## III. This Action

On May 2, 2013, Bondwe filed a complaint against Mapco, Inc., alleging a hostile work environment claim and discrimination related to his promotion and termination. (*See* Docket No. 1.) On June 11, 2013, Bondwe filed the Amended Complaint, adding Mapco Express, Inc. as a party to the suit. The Amended Complaint otherwise matches the original Complaint, and

requests monetary damages for front pay, back pay, lost earning potential, emotional distress, and punitive damages. Defendant Mapco Express filed the pending motion on June 26, 2013, arguing that the plaintiff's claims against it are barred by the statute of limitations and that the plaintiff has failed to exhaust his administrative remedies as to his hostile work environment claim.

## ANALYSIS

I. **Statute of Limitations**

Mapco Express moves to dismiss the Amended Complaint on the grounds that Bondwe's claims against Mapco Express are barred by the 90-day statute of limitations ("SOL") that governs Title VII claims. 42 U.S.C. § 2000e-5(f)(1). It is well settled that the limitations period for claims under Title VII of the Civil Rights Act of 1964 begins to run on the fifth day following the EEOC's mailing of a right to sue notice. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000). Therefore, the SOL permitted Bondwe to file his private civil lawsuit against Mapco Express until June 10, 2013—95 days following March 7, 2013. Mapco Express argues that the court should strictly enforce this statutory limit and grant its motion because Bondwe failed to add Mapco Express to the action before the deadline.

Bondwe does not dispute Mapco Express's calculation of the SOL. He also admits that he filed his Amended Complaint naming Mapco Express as an additional party on June 11, 2013—precisely one day after the limitations period had expired, and he does not attempt to justify his tardiness. Nevertheless, Bondwe argues that his claims are viable because, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, his amended pleading should relate back to

4

the date of the timely filed original pleading. Mapco Express disputes Bondwe's contention and argues that the Amended Complaint falls squarely outside of the protective relation back provision of Rule 15(c).

**A. Rule 15(c) Standard**

Rule 15(c) provides that a plaintiff may amend her complaint to change the party or the naming of the party against whom a claim is asserted and that amendment will relate back to the date of the original pleading if: (1) the claim asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, (2) the added party received notice of the suit in the 120 days following the filing of the original complaint, (3) the notice was such that the added party will not be prejudiced in maintaining a defense on the merits, and (4) the added party knew or should have known that but for a mistake of the identity of the proper party, the action would have been brought against her. Fed. R. Civ. P. 15(c); *Moore v. City of Harriman*, 272 F.3d 769, 774 (6th Cir. 2001).

The critical inquiry for the instant motion is whether Bondwe's amended pleading and the addition of Mapco Express constitute a "new cause of action" or simply a correction of an initial error by the plaintiff. The Sixth Circuit has made clear that "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *In re Kent Holland Die Casting & Plating*, 928 F.2d 1448, 1449 (6th Cir. 1991). Such an amendment "establishes a new and independent cause of action which cannot be maintained when the statute has run, for the amendment is one of substance rather than one of form and brings into being one not presently in court." *United State ex rel. Statham Instruments, Inc. v. W. Cas. & Surety Co.*, 359 F. 2d 521, 523 (6th Cir. 1966). Such a case exists

5

where, for example, a plaintiff attempts to add entities uncovered during discovery that would qualify as defendants in the case. *See Venezia v. 12th & Div. Props., LLC*, No. 3:09-cv-430, 2010 WL 3122787, at *3 (M.D. Tenn. Aug. 6, 2010).

On the other hand, courts have consistently held that Rule 15(c) does allow an amendment to relate back where a plaintiff seeks to *substitute* a correct party for a previously improperly named defendant or to correct a misnomer. *See, e.g.*, *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 130 S. Ct. 2485, 2494 (2010) (permitting relation back where a plaintiff filed suit against the wrong defendant due to a mistake and sought to substitute the proper defendant after the limitations period had expired); *see also Reed v. U.S. Bancorp*, No. 1:12-cv-344, 2013 WL1249231, at *2-3 (E.D. Tenn. Mar. 26, 2013) (permitting substitution of parties where plaintiff improperly named the wrong employer, even where she had previously filed an EEOC complaint against the correct employer).

Consequently, the merits of Mapco Express's motion turn on whether Bondwe's amended pleading is a request to *add* Mapco Express to the action or to *substitute* Mapco Express with Mapco, Inc. as a defendant.

**B. The Plaintiff's Amended Complaint**

In his Amended Complaint, Bondwe states, "[b]ased on new available information, Plaintiff believes the *correct* corporate defendant may be the *additional*, *new* defendant Mapco Express, Inc." (Docket No. 5 (emphases added).) Mapco Express argues that this language and the inclusion of both defendants in the case caption indicate that Bondwe intended to merely add Mapco Express to the action, and not to swap one defendant for the other. In opposition, Bondwe unpersuasively argues that the language and context of the Amended Complaint make

6

"clear that the purpose of the amendment is to correct the name of the defendant." He further submits that, because the EEOC had investigated Mapco Express for the claims raised by Bondwe in this lawsuit and because Mapco Express had received the EEOC's determinations following the investigation, Mapco Express "had actual notice that the Plaintiff was brining as [sic] legal action against it."

The court disagrees. The plaintiff appears to have identified the wrong defendant for its claims, but rather than submit a proper amendment substituting the correct defendant for the improperly named party, it filed an untimely amendment to *add* the correct party to the suit. Under settled law, this type of amendment cannot be related back to the filing date of the original pleading. Consequently, Bondwe's Amended Complaint is untimely as a matter of law.

## II. Going Forward

In light of the foregoing, the court will grant defendant Mapco Express's motion and dismiss the plaintiff's claims against it. However, the dismissal of these claims will be without prejudice. The plaintiff shall be given until November 27, 2013 to file a motion for leave to amend the Amended Complaint or to otherwise move for an extension of this deadline upon a showing of good cause. If neither motion is filed by the aforementioned deadline, the court will enter a final judgment in this case dismissing the plaintiff's claims with prejudice.

## CONCLUSION

For these reasons, Mapco Express's Motion to Dismiss (Docket No. 8) is **GRANTED**. The Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. It is further **ORDERED** that the plaintiff shall be granted leave to file an Amended Complaint before November 27, 2013.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge