**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| RICHARD BONDWE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13-cv-00419 |
| ) | Jury Demanded |
| MAPCO EXPRESS, INC. ) | Judge Aleta A. Trauger |
| ) | |
| Defendant. ) | |

_____

**INITIAL CASE MANAGEMENT ORDER**
_____

The parties, pursuant to Local Rule 16.01(d) submit this Proposed Initial Case Management Order.

## I.  JURISDICTION

This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e. MAPCO Express, Inc. ("Defendant") has been served with process and does not contest jurisdiction or venue.

## II.  PLEADINGS

Plaintiff filed the Amended Complaint in this matter on June 11, 2013. Defendant filed a Motion to Dismiss which the Court granted. Subsequently, the Court granted the Plaintiff permission to file an Amended Complaint, which the Plaintiff did on November 26, 2013. On December 5, 2013, Defendant filed a Motion to Dismiss the Plaintiff's cause of action for hostile work environment, which the Court granted. On February 19, 2014, the Defendant filed its Answer to the remaining cause of action contained in the Amended Complaint.

### III. SUMMARY OF PLAINTIFF'S THEORY

Defendant hired Plaintiff in 2003 to work at one of its gas station locations. In 2005, Defendant promoted Plaintiff to the position of assistant manager and then promoted him again to store manager in 2007. Plaintiff continued to perform his job well, but encountered problems in the workplace starting in 2011.

In May, 2011, Plaintiff expressed interest in a promotion to the position of division manager. The Defendant never responded to this expressed interest. Instead, Plaintiff was moved to the Defendant's Myatt Drive location, where he was promptly passed over for promotion to the position of store manager (even though Plaintiff had previous experience as a store manager for the Defendant at other locations) in favor of a less experienced Caucasian co-worker. Less than two months thereafter, the Defendant terminated the Plaintiff's employment.

The reason cited for the Plaintiff's termination was that there was a discrepancy in lottery ticket receipts. A Caucasian co-worker was also implicated in this alleged wrongdoing, but was not terminated. Upon his termination, the Defendant's district manager advised Plaintiff that he should go back to Africa to find a job. Plaintiff is an African-American originally from Malawi.

Plaintiff contends that these facts constitute a violation of his Title VII rights and the EEOC agreed with him that discrimination likely occurred.

### IV. SUMMARY OF DEFENDANT'S THEORY

Defendant operates a chain of convenience stores in the southeast. Plaintiff was hired on December 15, 2005. Defendant promoted Plaintiff to Assistant Manager and then Store Manager

during his employment and he was transferred to several different stores during his employment for various reasons. At Plaintiff's last store he was serving as the store Co-Manager

Plaintiff's claims of discriminatory denial of promotion are without merit. First, in May of 2011 Plaintiff expressed a general interest to move up in the company to the Division Manager, Damian Wyatt. He was advised by Defendant's Recruiting Manager that the proper protocol to follow would be to contact his direct supervisor, Steve Adcox, District Manager, not the Division Manager. As for the other promotion that he claims he was passed over for, in April of 2011, Defendant promoted Sandra Jennings (white female) to a Manager in Training (MIT). Moving Plaintiff to MIT would not have been a promotion for him. Jennings was subsequently promoted to Store Manager in August of 2011 after Plaintiff was terminated.

Plaintiff was terminated on July 15, 2011 for poor performance, including general lack of desire to perform the required job functions, poor attitude towards his management role in the store, and failure to properly account for a lottery shortage (which was discovered by external auditors). Plaintiff alleges that Teresa Tornquist (white female), who was serving as the Store Co-Manager with Plaintiff, committed the same offenses but was not terminated. However, Tornquist, who was not present when the shortage occurred, was counseled only for her part in failing to account for the lottery shortage. She did not have issues with a lack of desire to perform her job duties or display a poor attitude toward her store management role.

Defendant asserts that Plaintiff was not subject to disparate treatment and that he was terminated for legitimate, nondiscriminatory reasons.

## V. ISSUES

A. <u>Resolved</u>:

    1. Jurisdiction and venue for federal claims are not at issue in this case.

B. <u>Unresolved</u>:

    1. Whether Defendant violated Plaintiff's Title VII rights.

    2. Whether Plaintiff suffered injury and damages as a result.

## VI. DISCOVERY

A. <u>Mandatory Initial Disclosures</u>

The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on or before April 30, 2014.

B. <u>Discovery</u>

The parties shall complete all written discovery and depose all fact witnesses on or before December 15, 2014. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

C. <u>Motions to Amend</u>

The parties shall file all motions to amend on or before August 1, 2014.

D.  Dispositive Motions

The parties shall file all dispositive motions on or before February 28, 2015. No motion for partial summary judgment shall be filed except upon leave of Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel, and the Court. Responses to dispositive motions shall be filed within thirty (30) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages, except with leave of the Court.

E.  Disclosure of Expert Witnesses

The Plaintiff shall identify and disclose all expert witnesses and expert reports on or before October 15, 2014.

The Defendant shall identify and disclose all expert witnesses and reports on or before December 15, 2014.

F.  Depositions of Expert Witnesses

The parties shall depose all expert witnesses on or before January 15, 2015.

G.  Joint Mediation Report

The parties shall file a joint mediation report on or before ~~September 15~~ December 18, 2014.

H.  Electronic Discovery

The parties will reach agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

I.  Estimated Trial Time

The parties expect the trial to last approximately 3 days.

5

## IX.    TRIAL

This case shall be scheduled for jury trial to begin on _____.

It is so **ORDERED.**

_____
U.S. District Magistrate Judge Aleta A. Trauger


APPROVED FOR ENTRY:

*/s/ Allen Woods*
Allen Woods, #23103
Law Offices of Woods and Woods
PO Box 128498
Nashville, TN 37212
(615) 321-1426

*Attorney for Plaintiff*


*/s/Matthew C. Lonergan*
Matthew C. Lonergan (BPR# 10798)
John P. Rodgers (BPR# 30324)
1600 Division Street, Suite 700
Nashville, Tennessee 37203

*Attorneys for Defendant*